NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re | : Case Nos.: 00-00066 through 00-00068/JHW |
| |                   00-00070 through 00-00072/JHW |
| American Pad & Paper Company | : |
|        Debtors | : |

_____

| | |
|---|---|
| Steven G. Singer, as | : Adv. Pro. No. 05-50477/JHW |
|   Chapter 7 Trustee | |
| | : |
|        Plaintiff, | |
| | : |
|     v. |             **OPINION** |
| | : |
| Gibson, Dunn & Crutcher, LLP | |
| | : |
|        Defendant. | |

_____:

APPEARANCES:   Joel A. Waite, Esquire
                      John T. Dorsey, Esquire
                      Maribeth L. Minella, Esquire
                      Young Conaway Stargatt & Taylor, LLP
                      The Brandywine Building
                      1000 West Street, 17th Floor
                      P.O. Box 391
                      Wilmington, DE  19899-0391
                      Counsel for Gibson, Dunn & Crutcher LLP

                      Robert W. Mallard, Esquire
                      Cooch and Taylor
                      824 Market Street, Suite 1000
                      Wilmington, DE  19899-1680
                      Counsel for Steven G. Singer, Trustee

                      Andrew C. Gold, Esquire
                      Herrick, Feinstein LLP

1

2 Park Avenue
New York, NY  10016
Counsel for Steven G. Singer, Trustee

**HONORABLE JUDITH H. WIZMUR:**
(U.S. Bankruptcy Court, District of New Jersey, Sitting by Designation)

Before the court for resolution is the defendant's motion to dismiss the trustee's complaint seeking damages from debtors' counsel for attorney malpractice.  The defendant claims that the issue of the nature and extent of services performed by counsel was resolved in the context of the defendant's final fee application following the conversion of the case to Chapter 7.  The trustee responds that because the complaint does not mention the defendant's final fee application, the issue of res judicata is beyond the pleadings and may not be resolved on a motion to dismiss.  For the reasons expressed, I conclude that the motion must be converted to a motion for summary judgment under Fed.R.Civ.P. 56, with an opportunity afforded to the parties to present all material made pertinent to the motion by the conversion.

## FACTS AND PROCEDURAL HISTORY

On or about January 10, 2000, involuntary petitions under Chapter 11 of the Bankruptcy Code were filed against American Pad & Paper Company and associated companies.  On January 14, 2000, the debtors consented to the

2

entry of an order for relief, and an order was entered directing procedural consolidation and joint administration of the cases.  On December 21, 2001, the debtors' consolidated cases were converted to Chapter 7, effective January 3, 2002.  Jeoffrey L. Burtch, Esquire was appointed as the interim trustee on January 3, 2002.  At the 341 meeting of creditors held on February 13, 2002, Steven G. Singer, Executive Vice President of Romulus Holdings, Inc., was elected as the debtor's Chapter 7 trustee.  The trustee retained the law firm of the interim trustee, Cooch and Taylor, as counsel to the trustee, by application dated March 8, 2002, nunc pro tunc to February 13, 2002.  The order approving the retention was entered on March 28, 2002.  The trustee's bond, permitting him to qualify as trustee, was attained on March 11, 2002, and was approved on March 22, 2002.

On March 5, 2002, debtor's counsel, Gibson, Dunn & Crutcher, LLP (hereinafter "Gibson Dunn") filed an interim fee application for services rendered from January 1, 2002 through January 31, 2002 and for final compensation for services from January 10, 2000 through January 31, 2002. The deadline to object to the Final Fee Application was set for March 25, 2002. A certification of no objection was filed on March 27, 2002, and on April 10, 2002, Judge McKelvie entered an order approving Gibson Dunn's Final Fee Application.

Almost three years later, on February 22, 2005, the Trustee commenced this malpractice action against Gibson Dunn, asserting that the debtor's counsel had committed malpractice by not advising the debtor that payments made by the debtor to creditors during the time between the filing of the involuntary petitions and the date the debtors consented to the entry of the order for relief (the "Gap Period") were avoidable.  The trustee contends that of the more than $4 million in postpetition transfers made by the debtor, the amount of $1,842,658.80 was avoidable under section 549 of the Bankruptcy Code.  Because the debtor was not advised by Gibson Dunn during their two-year retention that these payments were potentially avoidable, and that the statue of limitations to avoid the payments would expire on or about January 14, 2002, the trustee seeks to require the firm to compensate the bankruptcy estate for the loss of those recoveries.

## DISCUSSION

The trustee contends that this motion to dismiss should be denied because the defendant improperly relies on matters outside the complaint in asserting the defense of res judicata.

Pursuant to Federal Rule of Bankruptcy Procedure 7012(b), Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal of a complaint for failure to

state a claim upon which relief may be granted, is available to defendants in adversary proceedings filed in bankruptcy cases.  To determine such a motion, the court must accept all of the facts pleaded in the complaint as true, and draw all reasonable inferences in plaintiff's favor.  In re Great Atlantic & Pacific Tea Co., Inc. Securities Litigation, 103 Fed.Appx. 465, 467-68 (3d Cir. 2004); Mele v. Federal Reserve Bank of New York, 359 F.3d 251, 253 (3d Cir. 2004); Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183 (3d Cir. 2000), cert. denied, 532 U.S. 1038, 121 S. Ct. 2000, 149 L.Ed.2d 1003 (2001).  The focus of the court on a 12(b)(6) motion "is whether under any reasonable reading of the pleadings, plaintiff may be entitled to relief."  Simon v. Cebrick, 53 F.3d 17, 19 (3d Cir. 1995).  See also Haynes v. Metropolitan Life Ins. Co., 94 Fed.Appx. 956, 958 (3d Cir. 2004) (court "may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations").

The affirmative defense of res judicata may properly constitute the grounds for a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).  Rycoline Products, Inc. v. C&W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997).  However, if the factual and legal predicates for the application of the defense are not apparent on the face of the complaint, then the defense may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).  Id. (citing to Bethel v. Jendoco Constr.

5

Corp., 570 F.2d 1168, 1174 (3d Cir. 1978)).

Here, several critical components of the defense of res judicata are not apparent on the face of the complaint. The complaint focuses on the services of the defendant law firm to the Chapter 11 debtor-in-possession from its retention in January 2000 to the time the case was converted to Chapter 7 in December 2001. It is alleged that the law firm committed legal malpractice by failing to pursue potential avoidance actions for payments made by the debtor during the Gap Period in January 2000, and failing to advise the debtor about the two-year statute of limitations due to expire on January 14, 2002. The complaint makes no mention of the final fee application filed by the defendant in the case in March 2002, or the fact that the trustee did not object to the allowance. Nor does the complaint contain facts asserting that the trustee knew or should have known about the alleged malpractice in time to object to the defendant's allowance request. The motion to dismiss cannot be granted on this record.

Where a Rule 12(b)(6) motion must fail because it relies on matters that are not apparent on the face of the complaint, the court may deny the motion without prejudice to renewal in the form of a motion for summary judgment pursuant to Fed.R.Civ.P. 56, or may convert the motion into a Rule 56 motion, affording "all parties . . . reasonable opportunity to present all material made

pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12 (b).  <u>See</u> <u>also</u> <u>Rycoline</u>,

109 F.3d at 886-87.  Here the parties have briefed the issue of the application

of the defense of res judicata extensively.  The factual predicate for the

assertion of the defense is limited.  The defendant is certainly correct that I

may take judicial notice of the pleadings filed in the main case, including the

defendant's final fee application, the fact that no opposition was filed to the

application, and the entry of the order allowing the fee.  Other facts may need

to be developed, and the parties must be given the opportunity to develop the

issues in the context of a summary judgment motion.


        Accordingly, I will opt to convert this motion to dismiss to a motion for

summary judgment.  The parties may make additional submissions, if they

desire to do so, but I am not requiring such submissions.  The defendant will

be required to submit an answer to the complaint within 20 days of the entry of

an order.


        If the defendant seeks to supplement the record, it may do so through

August 15, 2005.  If the trustee seeks to respond, he may do so through

September 15, 2005.  If either party seeks to extend these dates to conduct

discovery, I will accommodate such a request.


        Counsel for the trustee is requested to submit an order in conformance

with this ruling.


Dated:   July 13, 2005

JUDITH H. WIZMUR
United States Bankruptcy Judge